* * * * * * * * * * *
The undersigned reviewed the prior Order and record in this matter. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Order of Commissioner Mavretic and enters the following Decision and Order.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On August 6, 2008 plaintiff, an inmate at Caldwell Correctional Facility, filed an Affidavit and Claim for Damages Under the Tort Claims Act with the North Carolina Industrial Commission.In plaintiff's affidavit, Bernhardt Furniture Company is the named party to which plaintiff filed this claim against.
2. Plaintiff alleges defendant, Bernhart Furniture Company, owns the building which plaintiff worked in performing janitorial duties for the N.C. Division of Prisons. According to plaintiff, Bernhart Furniture Company had a maintenance man to repair a leak in the ceiling of the women's bathroom. Mike Price, an employee for the N.C. Division of Prisons, asked plaintiff to change a ceiling tile in the women's bathroom where a water spot was showing.
3. Plaintiff alleges that he climbed on top of the counter to remove the ceiling tile, which "came crushing down" on his head followed by the flow of water. Plaintiff contends that he got wet and a brass bucket fell, but did not hit him. Plaintiff further contends that due to the incident he was scared and that he hurt his neck and back for which he is receiving medical treatment.
4. On September 2, 2008, the N.C. Department of Correction moved to dismiss plaintiff's tort claim asserting that plaintiff's exclusive remedy is the Workers' Compensation Act. The N.C. Department of Correction further moved to dismiss plaintiff's claim asserting lack of subject matter jurisdiction on the basis that plaintiff failed to allege negligence on the part of a state agency.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Workers' Compensation, not a tort action, is the exclusive remedy for prisoners injured while working for the State of North Carolina. N.C. Gen. Stat. § 97-10.1; Richardson v. North Carolina Dept. ofCorrection, 345 N.C. 128, 478 S.E.2d 501 (1996).
2. A prisoner may file a workers' compensation claim under appropriate circumstances within one year of their release from the N.C. Department of Corrections. N. C. Gen. Stat. § 97-13(c) specifically provides:
 Whenever any prisoner assigned to the State Department of Correction shall suffer accidental injury or accidental death arising out of and in the course of the employment to which he had been assigned, if there be death or if the results of such injury continue until after the date of the lawful discharge of such prisoner to such an extent as to amount to a disability as defined in this Article, then such discharged prisoner or the dependents or next of kin of such discharged prisoner may have the benefit of this Article by applying to the Industrial Commission as any other employee; provided, such application is made within 12 months from the date of the discharge; and provided further that the maximum compensation to any prisoner or to the dependents or next of kin of any deceased prisoner shall not exceed thirty dollars ($30.00) per week and the period of compensation shall relate to the date of his discharge rather than the date of the accident.
3. Therefore, as plaintiff alleged an injury by accident arising out of and in the course of his employment with defendant, plaintiff's cause of action, filed as a tort claim against defendant, must be dismissed. N.C. Gen. Stat. § 143-291, et seq.
4. Under the Tort Claims Act, the N.C. Industrial Commission has jurisdiction to hear tort claims alleging negligence on the part of a state agency. N.C. Gen. Stat. § 143-291. As plaintiff's claim does not allege negligence on the part of an employee or agency of the state, the Industrial Commission lack subject matter jurisdiction over plaintiff's claim.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act is hereby DISMISSED WITH PREJUDICE.
2. Plaintiff may file a workers' compensation claim within one year of his release from the N.C. Department of Corrections.
This the 2nd day of March 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/_____________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ BERNADINE S. BALLANCE COMMISSIONER